IT IS ORDERED

Date Entered on Docket: October 13, 2017

_____
**The Honorable David T. Thuma**
**United States Bankruptcy Judge**



___

## UNITED STATES BANKRUPCTY COURT
## DISTRICT OF NEW MEXICO

IN RE:

Daniel Anastacio Anaya aka Daniel A. Anaya aka Daniel Anaya,

Debtor.                                  Case No. 17-11867-ta7

### DEFAULT ORDER GRANTING RELIEF FROM STAY AND ABANDONMENT OF PROPERTY LOCATED AT
### 125 Tarpon Avenue Southeast, Rio Rancho, NM 87124

This matter came before the Court on the Motion for Relief from Stay and Abandonment of Property filed on September 20, 2017, Docket No.14 (the "Motion"), by Wells Fargo Bank, N.A. ("Movant"). The Court, having reviewed the record and the Motion, and being otherwise sufficiently informed, FINDS:

(a) On September 20, 2017, Movant served the Motion and notice of the Motion (the "Notice") on counsel of record for Debtor, Daniel Anastacio Anaya, and the case trustee, Philip J. Montoya, (the "Trustee") by use of the Court's case management and electronic filing system for the transmission of notices, as authorized by Fed.R.Civ.P.

5(b)(3) and NM LBR 9036-1, and on the Debtor and US Trustee by United States first class mail, in accordance with Bankruptcy Rules 7004 and 9014;

    (b)    The Motion relates to the following property legally described as:

> Lot numbered Twenty-three (23) in Block numbered One hundred Thirty-six-A (136-A), Unit 11, as the same is shown and designated on the plat entitled, "Replat of Blocks 136A thru 144A, being a replat of Lot 16, Block 46, Blocks 126 thru 143, a portion of Block 144 and Tracts "E-1" and "EE-1", Unit 11, Rio Rancho Estates, Town of Alameda Grant, Sandoval County, New Mexico", filed in the office of the County Clerk of Sandoval County, New mexico, on July 15, 1976 in Plat Book number 3, page 14.

    And commonly known as: 125 Tarpon Avenue Southeast, Rio Rancho, NM 87124;

    (c)    The Notice specified an objection deadline of 21 days from the date of service of the Notice, to which three days was added under Bankruptcy Rule 9006(f);

    (d)    The Notice was sufficient in form and content;

    (e)    The objection deadline expired on October 11, 2017;

    (f)    As of October 11, 2017, no objections to the Motion have been filed;

    (g)    The Motion is well taken and should be granted as provided herein; and

    (h)    By submitting this Order to the Court for entry, the undersigned counsel for Movant certifies under penalty of perjury that on October 11, 2017, McCarthy & Holthus, LLP searched the data banks of the Department of Defense Manpower Data Center ("DMDC") and found that the DMDC does not possess any information indicating that the Debtor Is currently on active military duty of the United States.

**IT IS THEREFORE ORDERED:**

    1.    Pursuant to 11 U.S.C. §362(d), Movant and any and all holders of liens against the Property, of any lien priority, are hereby granted relief from the automatic stay:

(a) To enforce their rights in the Property, including foreclosure of liens and a foreclosure sale, under the terms of any prepetition notes, mortgages, security agreements, and/or other agreements to which Debtor is a party, to the extent permitted by applicable non-bankruptcy law, such as by commencing or proceeding with appropriate action against the Debtor or the Property, or both, in any court of competent jurisdiction; and

(b) To exercise any other right or remedy available to them under law or equity with respect to the Property.

2. The Property is hereby abandoned pursuant to 11 U.S.C. §554 and is no longer property of the estate. Creditor shall not be required to name the Trustee as a defendant in any action involving the Property or otherwise give the Trustee further notice.

3. The automatic stay is not modified to permit any act to collect any deficiency or other obligation as a personal liability of the Debtor, although the Debtor can be named as a defendant in litigation to obtain an *in rem* judgment if Debtor Is granted a discharge, or to foreclose the Property in accordance with applicable non-bankruptcy law.  Nothing contained herein shall preclude Creditor or and any and all holders of liens against the Property, from proceeding against the Debtor personally, to collect amounts due, if Debtor's discharge is denied or if Debtor's bankruptcy is dismissed.

4. This Order shall continue in full force and effect if this case converted to a case under another chapter of the Bankruptcy Code.

5. This Order is effective and enforceable upon entry. The 14-day stay requirement of Fed.R.Bankr.P. 4001(a)(3) is waived.

6. Movant is further granted relief from the stay to engage in loan modification discussions or negotiations or other settlement discussions with the Debtor and to enter into a loan modification with the Debtor.

###END OF ORDER###

**RESPECTFULLY SUBMITTED BY:**

**/s/ Elaine Abeyta-Montoya**
**McCarthy & Holthus, LLP**
**Elaine Abeyta-Montoya, Esq.**
**Attorneys for Movant,**
**6501 Eagle Rock NE, Suite A-3**
**Albuquerque, NM 87113**
**(505) 219-4900**
**/s/ submitted electronically 10/13/2017**
**emontoya@mccarthyholthus.com**

COPIES TO:

**DEBTOR**
Daniel Anastacio Anaya
46 Road 3400
Aztec, NM 87410

**DEBTOR(S) COUNSEL**
Donald Provencio
Gail.DPLawfirm@comcast.net

**CASE TRUSTEE**
Philip J. Montoya
pmontoya@swcp.com

**US TRUSTEE**
PO Box 608
Albuquerque, NM 87103-608